UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ROBERT JOSEPH BRANDON,

    Plaintiff,
v.

GEORGIAN COURT APARTMENT NORTH, INC.,
GEORGIAN COURT APARTMENTS, INC.,

    Defendants.
_____/

# COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, ROBERT JOSEPH BRANDON, brings this action against Defendants, GEORGIAN COURT APARTMENT NORTH, INC. and GEORGIAN COURT APARTMENTS, INC., pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and alleges as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiff ROBERT JOSEPH BRANDON was a resident of the State of Florida and an "employee" of Defendants as defined by the FLSA.

3. At all times material hereto, Plaintiff engaged in interstate commerce on a regular and recurring basis within the meaning of the FLSA including but not limited to interstate telephone communication with residents in other states such as Illinois.

4. At all times material hereto, Defendant, GEORGIAN COURT APARTMENT NORTH, INC., was a Florida non-profit corporation in competition with commercial entities in providing apartments for Florida residents, with its principal place of business in South Florida, engaged in commerce in the field of operating apartments, at all times material hereto was the "employer" of

Plaintiff as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

5. At all times material hereto, Defendant, GEORGIAN COURT APARTMENTS, INC., was a Florida non-profit corporation in competition with commercial entities in providing apartments for Florida residents, with its principal place of business in South Florida, engaged in commerce in the field of operating apartments, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

6. Defendants, GEORGIAN COURT APARTMENT NORTH, INC. and GEORGIAN COURT APARTMENTS, INC., were joint employers of Plaintiff, under the Fair Labor Standards Act, shared Plaintiff's services, had Plaintiff acting in the interest of each business, and shared common control of Plaintiff.

7. Defendants, GEORGIAN COURT APARTMENT NORTH, INC. and GEORGIAN COURT APARTMENTS, INC., are a single enterprise under the Fair Labor Standards Act, performed related activities through unified operation and common control for a common business purpose, engaged along with their employees in interstate commerce, and have an annual gross sales and/or business volume of $500,000 or more.

8. Two or more of Defendants' employees handled tools, supplies, and equipment manufactured outside Florida in furtherance of their business, including but not limited to phones, computers, computer monitors, computer keyboards, computer mice, pens, and paper.

9. Plaintiff ROBERT JOSEPH BRANDON worked for Defendants as a laborer.

10. Defendants failed to pay Plaintiff's full and proper minimum wages for hours he worked during his employment.

11. Attached as <u>Exhibit A</u> is a preliminary calculation of Plaintiff's claims. These amounts may change as Plaintiff engages in the discovery process.

12. Defendants have knowingly and willfully refused to pay Plaintiff's legally-entitled wages.

13. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

14. Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

### COUNT I
### VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
### ALL DEFENDANTS

15. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-14 above as if set forth herein in full.

16. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) unpaid minimum wages and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

17. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esq.
Bar No.: 74791