UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-61358-VALLE

<u>CONSENT CASE</u>

ROBERT JOSEPH BRANDON,

      Plaintiff,

v.

GEORGIAN COURT APARTMENT
NORTH, INC. *et al.*,

      Defendants.

_____/

**ORDER APPROVING SETTLEMENT**
**<u>AGREEMENT AND DISMISSING CASE WITH PREJUDICE</u>**

THIS MATTER is before the Court upon the Motion for Approval of Parties' Settlement and Dismissal with Prejudice (ECF No. 50) (the "Motion").[1]  Pursuant to the parties' consent, this case is before the undersigned for all proceedings, including trial and entry of final judgment.  *See* (ECF Nos. 41, 42).

This case includes claims under the Fair Labor Standards Act ("FLSA") for alleged violations of the statutory minimum wage and overtime provisions.  *See* 29 U.S.C. § 201 *et seq.*; (ECF No. 1).  On November 30, 2020, the parties settled the case during the settlement conference

---

[1] As used in this Motion and the Settlement Agreement (as defined below), "Parties" refers to Plaintiff Robert Joseph Brandon and Defendant Georgian Court Apartments, Inc. ("GC Apartments").  Co-Defendant Georgian Court Apartment North, Inc. ("GC North") is not a party to this Motion.  Rather, pursuant to Rule 68 of the Federal Rules of Civil Procedure, GC North made an offer of judgment, which Plaintiff accepted and filed on August 19, 2020.  *See* (ECF No. 18).

before the undersigned.   (ECF No. 40).   On March 2, 2021, the parties filed the Motion. (ECF No. 50).

Before the Court can dismiss this case and approve a settlement of the FLSA claims, the court must scrutinize the settlement and determine that it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982).   In doing so, courts consider various factors, including: (1) the possible existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and  the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel.   *See Leverso v. S. Trust Bank of Ala. Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *see also McHone v. Donald P. Hoekstra Plumbing, Inc.*, No. 10-CV-60322, 2010 WL 4625999, at *1 (S.D. Fla. Nov. 4, 2010); *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).   In the end, if the settlement reflects a reasonable compromise over FLSA issues that are actually in dispute, the court may approve the settlement "to promote the policy of encouraging settlement in litigation." *Lynn's Food Stores*, 679 F.2d at 1354.

Here, the Parties have submitted for Court approval the Settlement Agreement and Mutual General Release (the "Settlement Agreement").   The Court has scrutinized the terms of the Settlement Agreement and considered the above factors, the overall strengths and weaknesses of the parties' respective positions, and the parties' desire to resolve this case sooner rather than later to avoid the costs and uncertainty of litigation.   The Court also considered that Plaintiff's claims were disputed as to liability and amount and that all parties were represented by counsel.   Further, according to the Settlement Agreement, Plaintiff "is receiving 100% of his uncompromised claimed wages and liquidated damages from GC North."   Lastly, the Settlement Agreement

provides the amounts related to GC Apartments that are designated for attorney's fees and costs. Accordingly, the Court finds that the Settlement Agreement is a fair and reasonable resolution of a *bona fide* FLSA dispute.

In addition, the Court considered "the reasonableness of [Plaintiff's] counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller,* 307 F. App'x 349, 351 (11th Cir. 2009).  Having done so, the Court finds that the amount of the settlement proceeds attributable to Plaintiff's counsel's legal fees is reasonable.

## CONCLUSION

Accordingly, for the reasons set forth above, it is hereby **ORDERED AND ADJUDGED** as follows:

(i)      the Settlement Agreement is **APPROVED**;

(ii)     The case is **DISMISSED WITH PREJUDICE** solely against GC Apartments; and

(iii)    The Court retains jurisdiction for forty-five (45) days from the date of this Order to enforce the Settlement Agreement.

**DONE AND ORDERED** in Chambers, at Fort Lauderdale, Florida, on March 10, 2021.

ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc:  All Counsel of Record

3